CHIEF JUDGE BRYAN D. LYNCH

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Bankruptcy No. 11-41010-BDL |
| CDC PROPERTIES I, LLC, | Chapter 11 |
| Debtor. | Adversary Case No. |
| OLYMPIA OFFICE, LLC, a New York limited liability company; WA PORTFOLIO, LLC, a Delaware limited liability company; MARINERS PORTFOLIO, LLC, a Virginia limited liability company; and SEAHAWK PORTFOLIO, LLC, a Florida limited liability company, | **NOTICE OF REMOVAL TO BANKRUPTCY COURT PURSUANT TO 28 U.S.C. 1452** |
| Plaintiffs, | |
| v. | |
| MLMT 2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC, a Washington limited liability company; MIDLAND LOAN SERVICES, a division of PNC BANK, N.A.; RAINIER FORECLOSURE SERVICES, INC., a Washington corporation; JSH PROPERTIES, INC., a Washington corporation, | |
| Defendants. | |

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

COMES NOW, defendant MLMT 2005-MCP1 Washington Office Properties, LLC ("Noteholder"), by and through its undersigned counsel of record, and sets forth the following facts on its behalf:

1. On December 6, 2017, the above-named plaintiffs, Olympia Office, LLC ("Olympia"), WA Portfolio, LLC ("WA"), Mariners Portfolio, LLC ("Mariners"), and Seahawk Portfolio, LLC ("Seahawk", and collectively with Olympia, WA, and Mariners, "Plaintiffs"), filed a Complaint for Declaratory Relief, Injunctive Relief, Accounting, Breach of Fiduciary Duty, Conversion, Removal of JSH Properties, Inc., and for Tortious Interference with a Business Expectancy (the "Complaint") against Noteholder, Midland Loan Services, a division of PNC Bank ("Midland"), Rainier Foreclosure Services, Inc. ("Rainier"), and JSH Properties, Inc. ("JSH", and collectively with Noteholder, Midland and Rainier, "Defendants") in the Superior Court of the State of Washington in King County (the "Superior Court"), Case No. 17-2-31354-8 SEA (the "Superior Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Also on December 6, 2017, the Plaintiffs or the Superior Court filed the following pleadings attached hereto respectively as Exhibits B through E: Motion for Order to Show Cause Why Preliminary Injunctive Relief Should Not Be Issued ("Motion") (Exhibit B); Case Information Cover Sheet and Area Designation (Exhibit C); Order Setting Civil Case Schedule (Exhibit D): and Order to Show Cause (Exhibit E).

3. Exhibits A through E were served on the Defendants on or about December 6, 2017.

4. In the Complaint and Motion, Plaintiffs make allegations against Defendants related to (i) the foreclosure sale of eight commercial real properties located in Washington (four in Olympia, one in Lacey, one in Tumwater, one in Wenatchee, and one in Seattle) (the "Properties"), and (ii) alleged violations of the Plan of

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 2 of 8

Reorganization (the "Plan") of debtor CDC Properties I, LLC ("Debtor"). Specifically, Plaintiffs allege, among other things, that Noteholder (the beneficiary under the deeds of trust on the Properties) and Midland (the Special Servicer) breached the Plan by manufacturing defaults under the obligations on the loans secured by the Properties (the "Loans"), warranting injunctive relief precluding Noteholder from proceeding with its properly scheduled foreclosure of the Properties on December 15, 2017. As detailed below, this Court explicitly reserved jurisdiction to interpret and enforce the Plan.

5. Plaintiffs are not the borrowers under the Loans. The Properties were property of this Bankruptcy Estate, owned by Debtor, which was the borrower on the Loans. Noteholder's predecessor was the secured lender under the Loans secured by the Properties, and Debtor filed this case after defaulting on the Loans. On November 22, 2011, this Court confirmed the Plan (Dkt. No. 119). Under the Plan, the Loans were restructured with revised monthly payment amounts and a new maturity date of October 17, 2017, but documents evidencing the Loans, including Notes and Deeds of Trust and Assignments of Rents, remained in effect pursuant to their terms, except with respect to the new payment amounts and maturity date. The Loans matured almost two months ago.

6. The Plan also prohibited the Debtor from transferring the Properties unless contemporaneously therewith, Noteholder was paid in full on the Loans:

> The Reorganized Debtor may sell or refinance the Real Property, or any component thereof, at any time ***if the proceeds of the sale or refinance are sufficient to pay all Allowed Claims in Classes 1-5*** . . . (emphasis added).

Plan, Section VII(6), page 14, lines 10-12.

7. The Deeds of Trust, which remained in force and effect under the Plan, also prohibited the transfer of the Properties without the prior written consent of Noteholder:

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 3 of 8

> Borrower shall not Transfer, nor permit any Transfer, without the prior written consent of Lender, which consent Lender may withhold in its sole and absolute discretion.

Deed of Trust, Section 9.02. The definition of "Transfer" in the Deed of Trust contains no applicable exceptions and an outright conveyance of the Properties is a "Transfer".

8. The Plan also contained the following jurisdiction retention provisions:

> Following the Confirmation Date, the Bankruptcy Court shall retain jurisdiction over the Reorganized Debtor and the Assets until the Plan is fully consummated and an order closing the Case is entered by the Bankruptcy Court.[1] The Bankruptcy Court's retained jurisdiction shall give it authority to hear matters for purposes of administering the Plan, including without limitation: . . . 5. To issue orders in aid of execution of the Plan and to issue injunctions or take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or its execution or implementation by any entity; . . . 8. To determine any disputes arising in connection with the interpretation, implementation, execution or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court; 9. To recover all Assets, wherever located.

Plan, Section XIV, pages 17-18.

9. After confirmation of the Plan, Debtor defaulted under the Loans, Noteholder's predecessor instituted foreclosure proceedings, and foreclosure sales of the Properties were scheduled for October 21, 2016. Approximately one month prior to the foreclosure sales, Plaintiffs, having had no prior connection whatsoever to Debtor, Noteholder, the Loans or the Properties, were formed without adequate capitalization, and Plaintiffs and their principals wrongfully induced Debtor, in violation of the Plan, to transfer the Properties (allegedly worth in excess of $40 million, according to Plaintiffs) to Plaintiffs in fractional interests for $100,000, with the intent of stopping the foreclosure sales and maintaining control over the Properties through serial bankruptcy filings. On October 20, 2016, the day before the scheduled foreclosure sales, the first of the four Plaintiffs, Olympia, filed chapter 11 bankruptcy in the Eastern District of New York. While Plaintiffs intended on filing serial bankruptcy petitions in

---

[1] This bankruptcy case was closed on February 15, 2012. However, this Court reopened this bankruptcy case on December 14, 2016.

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 4 of 8

different bankruptcy courts, the other three Plaintiffs filed bankruptcy together at the end of November, 2016 to stop Noteholder's motion to enforce the Plan against them (the "Enforcement Motion"). Noteholder had filed the Enforcement Motion in this Court based on Debtor's transfer of the Properties to Plaintiffs in violation of the Plan. Had the other three Plaintiffs not filed bankruptcy on the eve of the hearing on the Enforcement Motion, the Enforcement Motion would have proceeded before this Court. For approximately the next year, Plaintiffs' bankruptcy proceedings in the Eastern District of New York continued, culminating in an evidentiary hearing, after which the court in the Eastern District of New York dismissed the Plaintiffs' bankruptcy cases to allow Noteholder to proceed with the foreclosure sales of the Properties. Attached hereto as Exhibits F and G respectively are (i) Noteholder's Evidentiary Hearing Brief (which sets forth in detail Plaintiffs' wrongful conduct warranting dismissal of the Plaintiffs' bankruptcy cases and negating the claims in the Complaint and Motion), and (ii) the transcript of the Eastern District of New York's ruling conference, in which the Court dismissed Plaintiffs' bankruptcy cases. The order dismissing Plaintiffs' bankruptcy cases was entered October 19, 2017.

10. On December 7, 2017, the day after Plaintiffs filed the Complaint and Motion, the Sharon Graham Bingham 2007 Trust, Henry W. Dean, Trustee (the "Trust") filed its own complaint and motion for injunctive relief in this Bankruptcy Court against Noteholder and Rainier initiating Adversary Proceeding Number 17-04119-BDL (the "Trust Adversary Proceeding"). In the Trust Adversary Proceeding, the Trust alleges essentially the same facts and seeks the same relief against Noteholder as Plaintiffs allege and seek against Noteholder in the Complaint and Motion. The Trust alleges that this Court has jurisdiction over such claims under 28 U.S.C. Section 157(b)(1) and under the retained jurisdiction of the Plan.

11. This Notice of Removal is filed pursuant to §§1334 and 1452(a) of Title 28 of the United States Code, without prejudice to Noteholder's denial of the allegations

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 5

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 5 of 8

in the Complaint, assertion of affirmative defenses, objection to the Motion, and assertion of counterclaims and third-party claims.

12. Based on the foregoing and as set forth below, the District Court for the Western District of Washington has original jurisdiction over the subject matter of the Superior Court Action pursuant to §1334 of Title 28 of the United States Code. Pursuant to Local Rule LCR 87(a) of the United States District Court for the Western District of Washington (the "District Court"), the District Court has issued a standing order referring all cases under Title 11, United States Code, and all cases arising in or related to Title 11 cases, to the United States Bankruptcy Court for the Western District of Washington. Pursuant to Local Rule 9027-1(a) of this Court, Noteholder is properly filing this Notice of Removal with this Court. This is a core matter pursuant to §157(b) of Title 28 of the United States Code. The claims of Plaintiffs in the Superior Court Action fall under the jurisdiction of the Bankruptcy Court, and are also governed by the United States Bankruptcy Code and the jurisdiction retention provisions in the Plan cited above. For example, Plaintiffs allege that "Part of the [Plan] specified that no payments toward the smaller B-Note would be required for a period of eighteen months. Yet, defendant Midland breached its obligations and made a large payment toward the B-Note well before the expiration of the eighteen month period." [Complaint, page 5, paragraph 3.10.]. Defendants deny Plaintiffs' allegations. In any case, Plaintiffs' disputed allegations directly implicate this Court's jurisdiction under the Plan to "determine any disputes arising in connection with the interpretation, implementation, execution or enforcement of the Plan." Similarly, Defendants' assertion that Debtor's transfer of the Properties to Plaintiffs without repaying the Loans in full violated the express provisions of the Plan, directly implicates all of the jurisdiction retention provisions cited above. Accordingly, this Court has jurisdiction over the Superior Court Action as expressly set forth in the Plan, as well as under §§1334 and 1452(a) of Title 28 of the United States Code.

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 6

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 6 of 8

13. This Notice is being filed within thirty (30) days after service of the Summons and Complaint.

14. Upon removal, Defendants consent to entry of final orders or judgment by the Bankruptcy Court.

WHEREFORE, Noteholder hereby gives notice that the Superior Court Action now pending against the Defendants in the Superior Court is removed from the Superior Court to the United States Bankruptcy Court for the Western District of Washington.

DATED this 11th day of December, 2017.

LANE POWELL PC

By /s/ *Abraham K. Lorber*
Abraham K. Lorber, WSBA No. 40668
lorbera@lanepowell.com

1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA 98111-9402
T: 206.223.7012
F: 206.223.7107

*Attorneys for MLMT 2005-MCP1
Washington Office Properties*

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 7

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 7 of 8

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the ECF recipients of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED December 11, 2017, at Seattle, Washington.

/s/ *Peter Elton*
Peter Elton
Legal Assistant

NOTICE OF REMOVAL TO BANKRUPTCY COURT
PURSUANT TO 28 U.S.C. 1452 - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

130395.0002/7155930.1

Case 17-04120-BDL    Doc 1    Filed 12/11/17    Ent. 12/11/17 14:34:23    Pg. 8 of 8